```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

CLASSIC SCHOONER ADVENTURES,
INC.,

        Plaintiff,

                   **Hon. Hugh B. Scott**

        v.              09CV580A

                   **Report
&
Recommendation**

ACADIA INSURANCE COMPANY,

        Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 5). Before the Court is defendant Acadia Insurance Company's motion for summary judgment (on statute of limitations grounds) (Docket No. 11[1]).

## BACKGROUND

This is a removed declaratory judgment action under a marine insurance policy. The federal jurisdiction asserted is both federal question under maritime law, 28 U.S.C. §§ 1331, 1333, and diversity jurisdiction, id. § 1332(a)(1). Plaintiff Classic Schooner Adventures is a New York corporation while defendant Acadia Insurance Company is a New Hampshire corporation (although identified as a Maine corporation in the original state complaint (Docket

---

[1] In support of this motion, defendant submits its statement of facts, Docket No. 12, with appendix of supporting exhibits, Docket No. 13; its memorandum of law, Docket No. 14, and reply memorandum, Docket No. 23. In opposition, plaintiff submits its attorney's affidavit (with exhibit, defendant's Answer in the United States District Court for the Middle District of Florida action) and memorandum of law, Docket No. 22.

No.1, Notice of Removal, Ex. B, State Compl. ¶ 4; Docket No. 1, Notice of Removal ¶¶ 5, 1, 2). In the state court Complaint, plaintiff Classic Schooner Adventures ("Classic Schooner") sought coverage under its policy with defendant Acadia Insurance Company ("Acadia") for damage to the schooner S/V Ellida (Docket No. 1, Notice of Removal, Ex. B, State Compl. ¶¶ 2, 8-12, 20-22, hereinafter cited as "State Compl."). Classic Schooner owns S/V Ellida and Acadia issued a marine insurance policy effective February 24, 2007, to February 24, 2008, to Classic Schooner, which Classic Schooner alleges provided coverage for physical damage to covered vessels (State Compl. ¶¶ 9-11, 20 (Classic Schooner paid premium for coverage)). S/V Ellida was a covered vessel under the marine policy (id. ¶ 12).

On or about October 8, 2007, the S/V Ellida was hauled out of the water for annual maintenance at a boat yard in St. Petersburg, Florida (id. ¶ 13). Notified of this maintenance, the United States Coast Guard stated that it intended to conduct its annual inspection of the vessel while it was out of the water (id. ¶ 14). While outside of Classic Schooner's supervision, Coast Guard personnel used a screwdriver and dug between the hull planks below the waterline, causing the hull planking to splinter, rake and become reamed beyond repair (id. ¶¶ 15, 17, 18, 21). As a result of this damage, the S/V Ellida has not been returned to the water and required extensive repairs (id. ¶ 19). Classic Schooner alleges that it timely notified Acadia of its loss, claiming coverage as damage to the vessel's hull and machinery (id. ¶¶ 23, 22). Classic Schooner then submitted a written claim under the policy for property damage to the hull, but Acadia denied the claim, arguing that the S/V Ellida was not seaworthy at the time of damage (id. ¶¶ 24, 25).

On May 12, 2009, Classic Schooner sued in state court for coverage under Acadia's marine policy and for breach of the insurance contract (id. ¶¶ 29, 30-37). Acadia removed this case (Docket No. 1) and filed its Answer (Docket No. 4), asserting, among its defenses, that plaintiff's claim is time-barred (id. First Affirmative Defense). At the Scheduling Conference for this action, Acadia's counsel indicated that it may move for summary judgment on the timeliness of this action (Docket No. 8). Following entry of the Scheduling Order (see Docket No. 9), Acadia moved for summary judgment (Docket No. 11).

*Acadia's Motion*

The marine policy's main hull coverage provision had a condition that any suit to recover a claim for damage to the hull had to be commenced "within twelve (12) months next after the calendar date of the happening of the physical loss or damage out of which the said claim arose" (Docket No. 12, Def. Statement ¶ 3; Docket No. 13, Def. Statement Appx. Ex. A). Acadia cites to an earlier action, Classic Schooner Adventures, Inc. v. Acadia Insurance Co. and United States of America, commenced in the United States District Court for the Middle District of Florida, No. 08-cv-00199 (hereinafter "the Middle District of Florida action"), which was commenced on January 29, 2008 (Docket No. 12, Def. Statement ¶ 6; Docket No. 13, Def. Statement Appx. Ex. C). Acadia filed an Answer in the Middle District of Florida (Docket No. 22, Pl. Atty. Aff. ¶¶ 7, 8, Ex. A), in which Classic Schooner now notes that Acadia asserted a defense of lack of subject matter jurisdiction, specifically an absence of diversity jurisdiction (id. ¶ 8, Ex. A, Ans. ¶ 6). The Middle District of Florida action was voluntarily discontinued on September 19, 2008 (Docket No. 12, Def. Statement ¶ 7; Docket No. 13, Def. Statement Appx. Ex. D, Stipulation of Dismissal; Docket No. 22, Pl. Atty. Aff. ¶ 9). The Stipulation of Dismissal was without

3

prejudice (Docket No. 13, Def. Statement Appx. Ex. D). Classic Schooner then commenced the present action in New York State court on May 13, 2009 (Docket No. 12, Def. Statement ¶ 8; Docket No. 13, Def. Statement Appx. Ex. E). Acadia argues that the claims asserted in this action are identical to the ones in the prior federal court action in Florida (Docket No. 12, Def. Statement ¶ 9).

Acadia argues that New York substantive law governs this admiralty action (Docket No. 14, Def. Memo. at 3) and, under New York law, the parties may "validly designate a reasonable limitations period within which a suit arising out of the contract must be brought," (id. at 3-4); N.Y. CPLR 201; Stony Brook Marine Transp. Corp. v. Wilton, No. 94CV5880, 1997 U.S. Dist. LEXIS 23146, at *18-19 (E.D.N.Y. Apr. 21, 1997).

Acadia's policy had a twelve-month limitations period in which a claimant could sue on an alleged loss (id. at 4). Here, the loss occurred on October 8, 2007; thus, a timely action needed to be commenced by October 8, 2008. Although Classic Schooner commenced the federal action in Florida within that time, it was terminated on September 19, 2009, not tolling the limitations period, and the present action was not commenced until after October 8, 2008, specifically in May 2009 (id.). Acadia concludes that the present action is time-barred and must be dismissed (id.).

Classic Schooner argues that Acadia took the position that diversity jurisdiction was lacking when the action was commenced in the Middle District of Florida but now argues such jurisdiction exists to support removing the present New York action (Docket No. 22, Pl. Atty. Aff. ¶ 11). Classic Schooner timely commenced its action in the Middle District of Florida but was dismissed without prejudice so it could be filed in a more appropriate jurisdiction (id. ¶ 14).

4

Classic Schooner concludes that Acadia is equitably estopped from now raising limitations arguments against this New York action (id. ¶¶ 13-15). Classic Schooner accuses Acadia of falsely misrepresenting that the discontinuance of the Middle District of Florida action was without prejudice and Classic Schooner relied upon the stipulation so entered to its detriment (id. ¶ 15). Due to Acadia's contradictory positions on diversity jurisdiction, Classic Schooner concludes Acadia has unclean hands and can not now argue that the Middle District of Florida was the appropriate forum (and hence Classic Schooner's New York action is untimely) (id. ¶¶ 19-21). Classic Schooner also argues that equitable tolling should apply here where it filed a timely action in the wrong forum (id. ¶¶ 16-18) and that Acadia is equitably estopped from now asserting a limitations defense (Docket No. 22, Pl. Memo. at 2-3). Classic Schooner claims that Acadia cannot now claim that the Florida action was in the proper forum due to Acadia's unclean hands in asserting the inappropriateness of that forum in the Florida action (id. at 6-7).

Responses to this motion were due by December 21, 2009, with any reply due by January 15, 2010, and the motion was deemed submitted without oral argument on January 15 (Docket No. 17). While this motion was pending, both parties moved to stay discovery (Docket No. 20), which was granted (Docket No. 21).

## DISCUSSION

I.    Summary Judgment Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c). "'The party

5

seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant'." Ford, supra, 316 F.3d at 354 (quoting Marvel Characters v. Simon, 310 F.3d 280, 286 (2d Cir. 2002). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters, supra, 310 F.3d at 285-86.

II.    Choice of Law

Either under admiralty, see Stony Brook, supra, 1997 U.S. Dist. LEXIS 23146, at *18-19, or diversity jurisdiction, see Erie R.R. v. Tompkins, 304 U.S. 64 (1938); Ocean Ships, Inc. v. Stiles, 315 F.3d 111, 116 n.4 (2d Cir. 2002), there is no substantive federal law concerning the claims in this action. Applying the substantive law of our forum state (New York), see Erie R.R., supra, 304 U.S. 64, including its choice of law regime, Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Elgin Sweeper Co. v. Melson, Inc., 884 F. Supp. 641, 648 (N.D.N.Y.

1995), New York substantive law governs the timeliness of the contract declaratory judgment action, see Stony Brook, supra, 1997 U.S. Dist. LEXIS 23146, at *18-19. As a contract action, various factors need to be considered to determine which jurisdiction's law applies. First, plaintiff Classic Schooner is a New York corporation that chose to litigate in New York State. The policy (Docket No. 13, Ex. A) appears not to have a choice of law clause. Defendant Acadia in fact argues that New York law defines the provisions of the contract (see Docket No. 14, Def. Memo. at 3-4), with no objection from plaintiff Classic Schooner (see also Docket No. 22, Pl. Memo. at 2, 3, 6 (citing New York law)). Therefore, New York substantive law, both the contractual limitations law and equitable considerations, applies here, see Stony Brook, supra, 1997 U.S. Dist. LEXIS 23146, at *18-19.

III.     New York Contractual Limitations Law and Estoppel

Under New York law, parties to a written contract may agree to a shorter limitations period that the statutory six years, see N.Y. CPLR 213(2), for contract actions, id. 201; see also Stony Brook, supra, 1997 U.S. Dist. LEXIS 23146, at *19-20. A voluntary discontinuance of an action does not toll the statute of limitations, see A.B. Dick Co. v. Marr, 197 F.2d 498, 502 (2d Cir. 1952); Long v. Card, 882 F. Supp. 1285, 1289 (E.D.N.Y. 1995) (see Docket No. 14, Def. Memo. at 4).

Here, the insurance contract has a twelve-month period for commencing a claim action. One issue is whether Classic Schooner's terminated federal action in Florida tolls this contractual limitations period or if other actions toll this twelve month period. Classic Schooner points to three reasons for equitable tolling or equitable estoppel to apply. First, Acadia's earlier argument that diversity jurisdiction was lacking when Classic Schooner commenced the timely Middle

District of Florida action; second, the parties entered into a stipulation to discontinue, <u>without prejudice</u>, its action to be commenced in an appropriate forum; and third, Acadia has unclean hands to now argue that the Middle District of Florida action was the appropriate vehicle for Classic Schooner's claim (Docket No. 22).

Classic Schooner filed a timely action in the Middle District of Florida and that action was dismissed voluntarily without prejudice. As such, the dismissal without prejudice presupposed that the action would be commenced in another (more appropriate forum). Acadia counters, however, that Classic Schooner did not exercise diligence in filing the New York action, waiting seven months from the entry of the dismissing stipulation to serving its Complaint in New York (<u>see</u> Docket No. 23, Def. Reply Memo. at 3-4).

A.   Equitable Estoppel

Equitable estoppel under New York law applies when conduct amounts to a false representation or concealment of material facts, intention that such conduct will be acted upon by the other party, and knowledge of the real facts, <u>Readco, Inc. v. Marine Midland Bank</u>, 81 F.3d 295, 301-02 (2d Cir. 1996) (applying New York law); <u>Airco Alloys Div., Airco Inc. v. Niagara Mohawk Power Corp.</u>, 76 A.D.2d 68, 81, 430 N.Y.S.2d 179, 187 (4th Dep't 1980); <u>see</u> <u>First Union Nat'l Bank v. Tecklenburg</u>, 2 A.D.3d 575, 577, 769 N.Y.S.2d 573, 575 (2d Dep't 2003) (Docket No. 22, Pl. Memo. in Opposition at 3), with the party asserting estoppel showing a lack of knowledge of the true facts, its reliance on the conduct of the party estopped, and prejudicial change in position, <u>Readco</u>, <u>supra</u>, 81 F.3d at 302; <u>Airco Alloys</u>, <u>supra</u>, 76 A.D.2d at 81-82, 430 N.Y.S.2d at 187; <u>Tecklenburg</u>, <u>supra</u>, 2 A.D.3d at 577, 769 N.Y.S.2d at 575 (<u>id.</u>).

8

Classic Schooner claims that the false representation here was that its stipulation with Acadia was without prejudice (id.). But, as Acadia argues (Docket No. 23, Def. Reply Memo. at second to third unnumbered pages), Acadia made no representations to Classic Schooner about the stipulation. The parties agreed that the stipulated dismissal was without prejudice. The stipulation, however, did not foreclose for all time Acadia raising a limitations defense if Classic Schooner waited to commence the new action elsewhere. Classic Schooner waited seven months before commencing this action.

Also, the "real facts" here were the timing of commencement of the new action, facts not known to Acadia until served but known (and under the full control of) Classic Schooner. Classic Schooner has not argued that Acadia impeded Classic Schooner from filing the New York action or pointed to other conduct by Acadia that Classic Schooner could have relied upon in delaying commencement of the new action. Thus, there is no false representation or differing real facts to have equitable estoppel apply.

B.  Equitable Tolling

Alternatively, Classic Schooner argues that the limitations period should be equitably tolled as a matter of fairness, in order to avoid rendering the "without prejudice" nature of the dismissal meaningless (Docket No. 22, Pl. Memo. in Opposition at 4-5), see Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996). Acadia responds that equitable tolling and Johnson (as construed by Classic Schooner) are not applicable to this case (Docket No. 23, Def. Reply Memo. at 3-4). "Equitable tolling requires a party to pass with reasonable diligence through the period it seeks to have tolled," id. (id.); Bowers v. Transportacion Maritima Mexicana, S.A., 901 F.2d 258, 264 (2d Cir. 1990). Failure "to exercise due diligence in preserving [its] legal

9

rights," Irwin v. Veterans Admin., 498 U.S. 89, 96 (1990)[2], is not a basis for invoking equitable tolling, Long, supra, 882 F. Supp. at 1289 (citing Irwin, supra, 498 U.S. at 96; South v. Saab Cars USA, Inc., 28 F.3d 9, 12 (2d Cir. 1994)). This required due diligence before a party can receive equitable tolling also arises in New York law. The New York State Court of Appeals held that "due diligence on the part of the plaintiff in bringing his action is an essential element for the applicability of the doctrine of equitable estoppel, to be demonstrated by the plaintiff when he seeks the shelter of the doctrine," Simcuski v. Saeli, 44 N.Y.2d 442, 450, 406 N.Y.S.2d 259, 263 (1978) (citation omitted); see Kotlyarsky v. New York Post, 195 Misc. 2d 150, 154, 757 N.Y.S.2d 703, 707 (Sup. Ct. Kings County 2003) (plaintiff seeking to invoke either equitable tolling or equitable estoppel is required to demonstrate that the failure to timely commence the action is not due to lack of diligence on plaintiff's part). Under the approach endorsed by the Court of Appeals in Simcuski, "the burden is on the plaintiff to establish that the action was brought within a reasonable time after the facts giving rise to the estoppel have ceased to be operational. Whether in any particular instance the plaintiff will have discharged his responsibility of due diligence in this regard must necessarily depend on all the relevant circumstances." Simcuski, supra, 44 N.Y.2d at 450, 406 N.Y.S.2d at 263. For example, in Kotlyarsky, a defamation plaintiff waited nine months before requesting a copy of the newspaper in which a retraction was printed and had no other activity during that period; the court held that due diligence was not shown, 195 Misc. 2d at 154, 757 N.Y.S.2d at 708.

---

[2]Irwin applied equitable estoppel to federal claims, noting that "[f]ederal courts have typically extended equitable relief only sparingly," 498 U.S. at 96.

Here, Classic Schooner has an unexplained delay from September 19, 2008 (when it entered the stipulation of discontinuance), to May 13, 2009 (when it commenced the new action). Thus, equitable tolling should not apply to the limitations period here.

C. Unclean Hands

Lastly, Classic Schooner argues that Acadia has unclean hands precluding Acadia from arguing now that Florida was the proper forum when it argued the opposite in the federal court there (Docket No. 22, Pl. Memo. in Opposition at 6-7). The wrong forum-unclean hands argument is not pertinent here. The proper issue is whether Acadia's actions prevented Classic Schooner from commencing the new action after the parties entered into the stipulated dismissal of the otherwise timely Florida action (without regard to whether Florida was the proper venue for that action). Again, Classic Schooner does not allege any untoward acts by Acadia or reliance upon any actions by Acadia to explain Classic Schooner's delay in commencing the New York action.

D. In Sum

As a result, defendant Acadia's summary judgment motion (Docket No. 11) on statute of limitations grounds should be **granted**.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion for summary judgment (on statute of limitations grounds) (Docket No. 11) be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
February 19, 2010