UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

CLASSIC SCHOONER ADVENTURES, INC.,

                            Plaintiff,                    **DECISION AND ORDER**
        v.                                                    09-CV-580A

ACADIA INSURANCE COMPANY,

                            Defendant.

═══════════════════════════════════

        This case was referred to Magistrate Judge Hugh B. Scott, pursuant to 28

U.S.C. § 636(b)(1).  On November 17, 2009, defendant Acadia Insurance

Company filed a motion for summary judgment.  On February 19, 2010,

Magistrate Judge Scott filed a Report and Recommendation recommending that

defendant's motion be granted.

        Plaintiff Classic Schooner Adventures, Inc. filed objections on March 4,

2010.  Defendant filed a response on March 16, 2010.  The Court held oral

argument on May 24, 2010.

        Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo*

determination of those portions of the Report and Recommendation to which

objections have been made.  Upon a *de novo* review of the Report and

Recommendation, and after reviewing the submissions and considering the

points raised at oral argument, the Court adopts the Report and

Recommendation as modified below.

The Court modifies the Report and Recommendation only to expand on the significance of Magistrate Judge Scott's finding that "Classic Schooner has an unexplained delay from September 19, 2008 (when it entered the stipulation of discontinuance), to May 13, 2009 (when it commenced the new action)." (Dkt. No. 24 at 11.) Unlike the case that plaintiff had commenced in Florida, plaintiff commenced this diversity case[1] in state court. New York law governs whether this case had been timely in state court when the complaint was filed there. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980) ("In our view, in diversity actions Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations.") (citation omitted); *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002) ("[I]t is well established that in diversity cases state law governs not only the limitations period but also the commencement of the limitations period.") (citations omitted). Plaintiff filed this case well beyond the one-year limitations period set in the policy, but New York law would determine whether and how this case could relate back to the Florida case.

---

[1] The Court would have only diversity jurisdiction under 28 U.S.C. § 1332. The Court would lack admiralty jurisdiction under 28 U.S.C. § 1333 because the alleged property damage occurred while plaintiff's boat was deliberately lifted out of the water and out of navigation. *See Complaint of Dickenson*, 780 F. Supp. 974, 975–76 (E.D.N.Y. 1992) (finding no admiralty jurisdiction where the boat in question was "in dry dock, 50 feet from the water" for repairs).

"If an action is timely commenced and is terminated in any other manner than by *a voluntary discontinuance* . . . , the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences *within six months after the termination* provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period." N.Y. CPLR 205(a) (emphasis added). "The purpose of § 205(a) is to avert unintended and capricious unfairness by providing that if the first complaint was timely but was dismissed for such curable reasons, the suit may be reinstituted within six months of the dismissal. Given its remedial importance in guarding against capricious, unfair deprivation of a valuable claim, the [New York] Court of Appeals has cautioned that § 205(a)'s broad and liberal purpose is not to be frittered away by any narrow construction." *Hakala v. Deutsche Bank AG*, 343 F.3d 111, 115 (2d Cir. 2003) (internal quotation marks and citation omitted). Here, plaintiff filed the Florida case timely. Rather than make any motions to change venue or otherwise to change its parties and posture, plaintiff discontinued the Florida case voluntarily.[2] Plaintiff then filed the present case in

---

[2] As Magistrate Judge Scott did in different words, this Court rejects any suggestion by plaintiff that its professional counsel somehow were tricked into a discontinuance with greater implications than they realized. (*See, e.g.*, Dkt. No. 22-2 at 3 ("Acadia falsely misrepresented that the discontinuance would be without prejudice, where instead there was a strategy to use the statute of limitations against Classic Schooner when the action was brought to a different forum. Classic Schooner relied on the discontinuance being without prejudice when it agreed to the stipulation.").)

state court more than six months later.  Because of the voluntary discontinuance and the late recommencement, CPLR 205(a) was not available in state court to link the present case back to the Florida case.  Without the protections of CPLR 205(a), this case was untimely when it was in state court.  As a result, no "civil action" existed that could be removed to this Court under Rule 81(c)(1) of the Federal Rules of Civil Procedure.

Accordingly, for the reasons set forth above and in Magistrate Judge Scott's Report and Recommendation, defendant's motion for summary judgment is hereby granted.  The Clerk of the Court is directed to close this case.

SO ORDERED.

_s/ Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: June 14, 2010